## ANHEUSER-BUSCH, INCORPORATED v MACHACEK, Various JOHN and JANE DOES, and/or Various ABC COMPANIES

### Case No. 86-636-CA-01

Seventh Judicial Circuit, Volusia County

February 14, 1986

### APPEARANCES OF COUNSEL

Jose Astigarraga and Ron A. Adams, Steel Hector & Davis, and J. Doyle Tumbleson and Glenn R. Padgett, Kinsey Vincent Pyle, for plaintiffs.

No appearance for defendants. Motion was heard *ex parte*.

## OPINION OF THE COURT

R. MICHAEL HUTCHESON, Circuit Judge.

### ORDER GRANTING EMERGENCY MOTION FOR TEMPORARY INJUNCTION WITHOUT NOTICE, ORDER OF SEIZURE, ORDER FOR EXPEDITED *DISCOVERY AND ORDER AUTHORIZING SUNDAY SERVICE*

THIS CAUSE came on to be heard February 14, 1986, upon the Emergency Motion for Temporary Injunction Without Notice, Order of Seizure, Order for Expedited Discovery, and Order Authorizing Sunday Service filed by Plaintiff, Anheuser-Busch, Incorporated ("Anheuser-Busch"). This Court, having heard argument of counsel for Anheuser-Busch and having reviewed the Verified Complaint, Emergency Motion, Affidavits of Patrick G. McLean and Stuart Weinstein, and other papers filed herein, is of the opinion that unless the Temporary Injunction Without Notice and Order of Seizure sought by Anheuser-Busch is granted, Anheuser-Busch will suffer irreparable injuries of lost revenues due to decreased sales of licensed merchandise during the Daytona 500 race period and dilution of the distinctive quality of its trademarks and products, all of which will do irreparable damage to Anheuser-Busch's business, business relationships, goodwill and reputation and to members of the public who will be misled into purchasing unlicensed inferior quality "bootleg" merchandise believing it to be manufactured, sponsored or approved by Anheuser-Busch. This Court is further of the opinion that notice need not be given because many vendors, distributors and manufacturers of unlicensed merchandise have no permanent business identity and address before or after the Daytona 500 race period and cannot be identified, located or served with process by conventional means and that if notice is given to those vendors, distributors and manufacturers who can be identified and located such notice is likely to cause the immediate destruction, concealment or relocation of the "bootleg" merchandise and evidence thereof, as well as changes in the manner of operations and location of the unauthorized activities of Defendants, making it extremely unlikely if not impossible that Anheuser-Busch will be able to obtain evidence of such "bootlegging", stop the distribution of such "bootleg" merchandise to the public, determine the source and extent of Defendants' dealings in such merchandise, or obtain meaningful relief against Defendants. This Court believes it is in the public interest that "bootleg" merchandise be removed from sale to unsuspecting consumers, and being otherwise fully advised in the premises it is hereby:

149

**ORDERED AND ADJUDGED:**

A. That the Emergency Motion for Temporary Injunction Without Notice, Order of Seizure, Order for Expedited Discovery and Order Authorizing Sunday Service be and the same is hereby GRANTED.

B. Until further order of this Court, Defendants and their officers, directors, agents, servants, employees, attorneys and all persons, firms or corporations acting or claiming to act on their behalf or under their direction or authority, and all persons, firms or corporations acting or claiming to act in participation or concert with them are hereby enjoined from:

(i) using on or in connection with the manufacture, sale, offering for sale, distribution or the advertisement, labeling or packaging of any articles of merchandise, Anheuser-Busch's trademarks or any colorable imitation thereof or anything confusingly similar thereto, unless such articles of merchandise shall have been licensed by Anheuser-Busch;

(ii) representing by any means whatsoever that any articles of merchandise manufactured, sold, offered for sale, distributed or advertised by Defendants are manufactured, sponsored, licensed, authorized by or originate with Anheuser-Busch or its licensees, or from otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin or sponsorship of such goods, unless such articles of merchandise shall have been licensed by Anheuser-Busch;

(iii) destroying, concealing, altering or removing from Volusia County, Florida, any documents or other tangible evidence reflecting such unauthorized use, representation or actions, including but not limited to purchase orders, sales invoices and the like;

(iv) communicating in any manner to any other Defendant or to any third parties concerning this lawsuit, including its existence or nature, except their own attorneys, Anheuser-Busch, its authorized agents or attorneys, the Court and its staff, until Tuesday, February 18, 1986.

C. The Volusia County Sheriff's Office, the City of Daytona Beach Police Department, and any other police authority for the place where any such unlicensed merchandise is located, are hereby authorized and ordered to:

(i) search for, seize and impound, until further order of this Court, any and all articles of merchandise bearing Anheuser-Busch's trademarks or any colorable imitation thereof or anything confusingly

150

similar thereto, which Defendants attempt to sell, offer for sale, distribute, advertise or hold for sale, within Volusia County from February 13 through February 17, 1986, including any cartons, containers or vessels in which any of the above are carried, unless such articles of merchandise shall have been licensed by Anheuser-Busch;

(ii) search for, seize and impound, until further order of this Court, any and all labels, signs, prints, packages, wrappers, receptacles or advertisements bearing Anheuser-Busch's trademarks or any colorable imitation thereof or anything confusingly similar thereto, used or intended to be used by Defendants in conjunction with the sale, offering for sale, holding for sale, distribution or advertising of such merchandise;

(iii) search for, seize and impound, until further order of this Court, any and all documents or other tangible evidences in Defendants' possession, custody or control which refer or relate to Defendants' purchase, acquisition, manufacture, sale, distribution or other disposition, advertisement, promotion or transportation of such merchandise, including but not limited to purchase orders, sales invoices and the like;

(iv) permit Anheuser-Busch, its attorneys or agents to search for, identify, inspect, copy, photograph, videotape, and inventory the quantity of any of the foregoing items in Defendants' possession, custody or control, and cooperate fully with them to that end;

(v) use all reasonably necessary force to accomplish the foregoing; and

(vi) take all steps reasonably possible to make the seizures simultaneously and otherwise prevent any of the Defendants from contacting any of the other Defendants or any third parties while the seizures are being made in an effort to alert the other Defendants.

D. If, after the above-said seizures are made, Defendants or any of them obtain the possession, custody or control of any additional quantity of the materials ordered to be seized, said Defendant(s) shall immediately deliver the same to Anheuser-Busch or its attorneys, who shall give written receipt therefor and deliver same into the custody of the appropriate police authority in accordance with paragraph G below.

E. On or after February 17, 1986, at 12:00 p.m., Anheuser-Busch may take the depositions of and require the production of documents and things from Defendants or non-party witnesses who Anheuser-

Busch believes are in possession of information relating to the distribution of unlicensed articles of merchandise, provided that Anheuser-Busch must serve appropriate notice, request or subpoena at least twenty-four (24) hours prior to any such deposition or production of documents and things, which notice, request or subpoena may be served prior to 12:00 p.m. on February 17, 1986, and further provided that Anheuser-Busch may take any discovery prior to said date and time upon such terms and conditions as may be agreed to by Defendants or such non-party witnesses.

F. Let sufficient service of this Order and any notice, request or subpoena for discovery under paragraph E above, be made by personal service of a copy thereof, together with a copy of the Summons, Verified Complaint, or any other orders entered by this Court prior to such service, upon Defendants on any day of the week during the pendency of the Order specifically including Sunday, February 16, 1986, by persons authorized by law to serve process, and certification of this Order shall be made by the Clerk of this Court without charge as provided for in Rule 1.070(g) of the Florida Rules of Civil Procedure.

G. A written receipt for any merchandise seized shall be given to the person from whom the goods are taken and an inventory of same immediately filed with the Court. Such merchandise shall be kept in suitable containers identified with the receipts given, and shall be kept safely by the seizing police authority until further order of this Court.

H. Any Defendant who is enjoined or whose property is seized pursuant to this Order may move to dissolve or modify the temporary injunction or to seek release of the seized property at any time as provided by the Florida Rules of Civil Procedure.

I. As a condition to the effectiveness of this Order, Anheuser-Busch shall post a bond in a form satisfactory to the Clerk or a certified check in the amount of $2,500.00 securing Defendants against their costs and damages if it is found that they have been wrongfully restrained or their property improperly seized.

DONE AND ORDERED in Chambers at Daytona Beach, Volusia County, Florida, this 14th day of February, 1986, at 1:40 p.m.